UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| David Angeski,<br>    *Petitioner*,<br><br>    *v.*<br><br>United States of America,<br>    *Respondent*. | Civil No. 3:08cv22 (JBA)<br><br><br><br>March 29, 2009 |

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On December 28, 2005, Petitioner David Angeski pleaded guilty to one count of conspiracy to possess with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(1)(1), (b)(1)(c) & 846. On December 18, 2006, Angeski was sentenced to a 46-month term of imprisonment and three years of supervised release. On January 3, 2007, Angeski filed an appeal with the Second Circuit. The appeal was voluntarily withdrawn by agreement on June 6, 2007. On January 7, 2008, Angeski filed the pending motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

**I.    Procedural Background**

As Angeski states in his § 2255 petition, he filed it for the limited purpose of avoiding any potential statute-of-limitations difficulties that could arise if the agreement that formed the basis of the withdrawal of Angeski's appeal was not effectuated in this court and the anticipated action did not occur. The action Angeski referred to was that the Government would file a Rule 35 motion for reduction of Angeski's sentence. The purpose of the Rule 35 motion was to correct an error the Government made at sentencing concerning Angeski's cooperation and its failure to file a 5k1.1 motion in recognition of that cooperation. The relief Angeski seeks in his § 2255 motion is an order setting aside the judgment of conviction

and a new sentencing hearing to determine whether a lesser sentence should be imposed.

More specifically, at Angeski's sentencing, his counsel argued for a non-Guidelines sentence based on Angeski's cooperation in a related criminal case, but the Assistant United States Attorney ("AUSA") opposed counsel's argument and mistakenly represented to the court that Angeski's attempted cooperation in that prosecution had never been disclosed to anyone.

As a result of the AUSA's mistaken assertions, the court denied Angeski's request for a non-Guidelines sentence and imposed a Guidelines sentence of 46 months without knowing that Angeski had, in fact, been disclosed as a potential government witness to counsel for the defendant in a related case involving a well-known drug trafficker with high-level connections, and had been identified in the voir dire the Government filed with the Court and publicly named at jury selection in that case.

The AUSA did not disclose to Angeski's counsel prior to sentencing that Angeski had been publicly identified as a witness in the related case. Angeski learned that fact shortly after sentencing from other inmates while he was temporarily housed at the Wyatt Detention Center in Rhode Island. Those individuals openly called Angeski a "rat" and a "snitch" and made other statements that caused him to fear for his safety. When the AUSA was informed of this, Angeski was promptly moved to another facility.

On June 4, 2008, the Government moved pursuant to Rule 35 and asked the Court to impose a sentence below Angeski's applicable Guidelines range based on the substantial assistance he provided to the Government in the investigation and prosecution of other criminal defendants. The Government advised the Court that the motion was filed to give it an opportunity to consider information regarding Angeski's disclosure as a government

witness which the Court had not been made apprised of at the time of Angeski's sentencing and explained the circumstances surrounding the AUSA's mistaken impression relating to Angeski's cooperation.

On June 10, 2008, the Court granted the Rule 35 motion, resentenced Angeski to a 37-month term of imprisonment, and issued an amended judgment. Angeski was released from prison on February 23, 2009.

## II. Discussion

The Government argues that Angeski's § 2255 petition should be denied as moot because he has received the relief he sought and has not been prejudiced. The Court agrees.

The relief Angeski sought in his § 2255 petition was a new sentencing hearing for the limited purpose of determining whether a lesser sentence should be imposed based on the correct information regarding his cooperation. In response, the Government filed a Rule 35 motion informing the court of its prior mistake about Angeski's cooperation and advising that his cooperation was, in fact, disclosed and that he had provided substantial assistance in the prosecution of other criminal defendants. Thereafter, the Court granted the Rule 35 motion, reduced Angeski's sentence from 46 months to 37 months, and issued an amended judgment. Having completed this shortened term, Angeski has been released from incarceration. No other relief was requested and he is not entitled to any further relief.

Moreover, to the extent Angeski's petition alleges ineffective assistance of counsel based on counsel's failure to correct the record as to the extent of Angeski's cooperation at sentencing, that claim fails as well. Angeski's counsel unsuccessfully argued for a reduced sentence based on Angeski's cooperation and only learned that Angeski had been disclosed as a witness after Angeski was sentenced. Counsel successfully negotiated with the

government to rectify the situation by filing a Rule 35 motion bringing the true facts to the Court's attention and asking for a reduced sentence. Counsel also filed a § 2255 petition to preserve Angeski's rights, and the Court has granted the relief sought in that petition. Thus, Angeski has shown neither that his lawyer's performance "fell below an objective standard of reasonableness" nor that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

### III.    Conclusion

For the foregoing reasons, Angeski's Motion to Vacate, Set Aside, or Correct Sentence [Doc. # 1] is found moot.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of March, 2009.